IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DIAA ALMASHNI**, as next friend of minor C.A. | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | Civil Action No. _____ |
| | § § | |
| **LOWE'S HOME CENTERS, LLC** | § § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Diaa Almashni, as next friend of minor Cecilia Almashni, who files this Original Complaint against Defendant Lowe's Home Centers, LLC and would respectfully show this Court the following:

### I.   PARTIES

1.   Plaintiff Diaa Almashni is an individual residing in Texas. Plaintiff Almashni brings claims as next friend of minor Cecilia Almashni.

2.   Defendant Lowe's Home Centers, L.L.C, is a foreign limited liability company, and may be served through its registered agent via personal service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Services, at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

### II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

4.      Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the events or omissions giving rise to this action occurred in Houston's surrounding area and because the Defendant is a nonresident defendant such that venue is proper in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

### III.     FACTUAL SUMMARY

5.      On or about September 5, 2020, Plaintiff's next friend and minor C.A. were at Defendant Lowe's Home Centers' store, specifically Lowe's store #0563 located at 20201 N. IH 45, Spring, Texas 77388.

6.      Plaintiff's next friend and minor C.A. were in Aisle #37, by the vanity sink displays in Bay #8, when a vanity sink on display fell off of its cabinetry and struck C.A. in the head.

7.      Plaintiff immediately informed Defendant of the incident.

8.      Defendant's employee Kayla Tyler administered first aid due to the immediate injuries apparent to Plaintiff's next friend and minor C.A., which included injuries to C.A.'s head. Further, Defendant's employee and assistant store manager Daniel Howard filled out an incident report.

9.      The injuries have continued to become worse with time. The incident caused severe and lasting injuries to Plaintiff's next friend and minor C.A., and she now brings suit to recover for her damages.

### IV.     CAUSES OF ACTION

#### A. NEGLIGENCE

10.     Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

11.     Defendant owed a duty of reasonable care to Plaintiff. Defendant breached its duty in several ways, including the following:

      a) Failing to recognize and address hazards;

      b) Failing to exercise reasonable care;

      c) Failing to ensure proper installation, inspection, attachment and maintenance of displays;

      d) Failing to install displays in a proper manner to avoid harm to Plaintiff;

      e) Failing to screen, hire and train employees;

      f) Failing to supervise employees; and

      g) Failing to failing to ensure safety policies and procedures were enforced and followed.

12. Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

### B. AGENCY, RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

13. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

14. Defendant's employees who installed the display vanity sink were agents and/or servants of Defendant.

15. Defendant's employees who were responsible for inspection and maintenance of displays were also agents and/or servants of Defendant.

16. These employees were conducting work for Defendant. As such, Defendant is responsible for the conduct of its employees and agents due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

### C. GROSS NEGLIGENCE

17. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

18. Plaintiff will further show that the acts and/or omissions of Defendant, when viewed objectively from Defendant's standpoint, involve an extreme risk considering the probability and magnitude of the potential harm to others. Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

19. As such, Defendant's actions and omissions constitute gross negligence. Therefore, Plaintiff prays that punitive damages be awarded against Defendant.

## V.   DAMAGES

20. Plaintiff seeks damages for physical pain and suffering in the past and future; mental anguish in the past and future; physical impairment and disfigurement in the past and future; medical expenses in the past and future; loss of earning capacity in the past and future; loss of household services in the past and future; costs of suit; and pre-judgment and post-judgment interest at the appropriate rate allowed by law. Plaintiff seeks any other and further relief to which Plaintiff may be justly entitled.

21. All conditions precedent have been performed or have occurred.

## VI.   JURY DEMAND

22. Plaintiff respectfully demands a jury trial.

## VII.   PRAYER

23. For these reasons, Plaintiff asks that Defendant be cited to appear and answer this suit. Plaintiff prays she recover judgment from Defendant for damages, in an amount between $250,000 and $1,000,000. Plaintiff prays for any and all other relief to which she may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: */s/ John Scott Black*
John Scott Black
Federal I.D. No. 28467
Texas Bar No. 24012292
jblack@dalyblack.com
Andrew Dao
Federal I.D. No. 2368172
Texas Bar No. 24082895
adao@dalyblack.com
Kyle Patrick Malone
Federal I.D. No. 3306811
Texas Bar No. 24102128
kmalone@dalyblack.com
2211 Norfolk, Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile: (713) 655-1587
ecfs@dalyblack.com (service)

-AND-

THE NICHOLS LAW GROUP, PLLC

Lester B. Nichols, III
Federal I.D. No. 3499959
State Bar No. 24110596
15422 Wilkshire Court
Houston, Texas 77069
(713) 705-2250
(281) 587-0668 (fax)
law@lesternichols.com

**ATTORNEYS FOR PLAINTIFF**